# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

PATRICIA BRANCH,

                 Plaintiff,

vs.

                                         Case No. 09-CV-558-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                 Defendant.

## OPINION AND ORDER

Plaintiff, Patricia Branch, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]   Plaintiff's September 20, 2006, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held July 2, 2008. By decision dated September 15, 2008, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on July 17, 2009.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d

799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if

supported by  substantial  evidence,  the  Commissioner's  decision  stands. *Hamilton v.*

*Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 51 on the alleged date of onset of disability and 54 on the date of the

ALJ's decision.  She has completed high school and business school.  She formerly worked

as school secretary and as a day care worker.  She claims to have been unable to work

since June 30, 2006, as a result of degenerative disk disease of the cervical and lumbar

spines,  degenerative  joint  disease,  and  moderate  obesity.   The  ALJ  determined  that

Plaintiff retains the ability to perform work at the sedentary exertional level, except that she

must avoid work above the shoulder level.  Based on the testimony of a vocational expert,

the  ALJ  determined  that  Plaintiff's  past  relevant  work  as  a  secretary  does  not  require

performance of activities precluded by the foregoing limitations.  The ALJ found, therefore,

that  Plaintiff  can  return  to  her  past  relevant  work  as  a  secretary.   The  case  was  thus

decided  at  step  four  of  the  five-step  evaluative  sequence  for  determining  whether  a

claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

(discussing five steps in detail).

**Plaintiff's Assertions**

Plaintiff asserts that the ALJ: failed to include all of Plaintiff's limitations in the residual functional capacity (RFC) finding; and failed to make findings about the requirements of Plaintiff's past relevant work as required by *Winfrey v. Chater*, 92 F.3d 972 (10th Cir. 1996).

**Analysis**

RFC Assessment

Plaintiff argues that the ALJ failed to include in her RFC the limitations assessed by agency experts, failed to consider the effect of medication on her ability to work in assessing her credibility, improperly disregarded a treating physician's opinion, and relied on medical records dated two years before she had surgery.  As hereafter discussed, except for the ALJ's treatment of her medications, none of Plaintiff's arguments have merit.

The Court rejects Plaintiff's contention that the ALJ ignored stooping limitations found to exist by agency experts in making the RFC determination that, except for work above the should level, she is able to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a).   The physician reviewing Plaintiff's medical records for the Commissioner found that Plaintiff was limited to occasional stooping. [Dkt. 10-7, p. 27]. According to various Social Security Rulings, an ability to stoop occasionally (from very little up to one-third of the time) is all that is required of most unskilled sedentary occupations. *See* SSR 96-9P, 1996 WL 374185 *8; SSR 85-15, 1985 WL 56857 * 7 ("If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the

sedentary and light occupational base is virtually intact."); SSR 83-10, 1983 WL 31251 *
5 (sedentary work performed primarily in a seated position entails no significant stooping).

The Court finds no error in the ALJ's treatment of Dr. Boyd's consultative
examination which took place two years before Plaintiff's back surgery. Plaintiff alleged she
was continuously disabled after the alleged onset date, June 30, 2006.  Dr. Boyd's
examination took place on November 10, 2006, during the alleged period of disability.

There is no merit to Plaintiff's assertion that the ALJ improperly disregarded the
opinion of her treating physician, Dr. Phillips.  Plaintiff has not identified any medical
opinions by Dr. Phillips that were disregarded by the ALJ.  The ALJ accurately summarized
the records before him that were generated by Dr. Phillips.  [Dkt. 10-2, pp. 31-32].  He
noted Dr. Phillips' impression that in 2008 Plaintiff had worsening low back and left leg pain
and that she was a candidate for decompressive laminectomy and underwent that surgery
on May 15, 2008.  [Dkt. 10-2, p. 32].

The Court rejects Plaintiff's contention that the ALJ failed to seek out or request
documentation from Dr. Phillips.  Plaintiff was represented by counsel at the hearing before
the ALJ.  The ALJ granted counsel additional time after the hearing in which to submit
additional records. [Dkt. 10-2, p. 46].  The Commissioner asserts that no additional records
were submitted to the ALJ.  The Commissioner further asserts that although additional
records were submitted to the Appeals Council, those records were generated after the
ALJ's September 15, 2008, decision.  Plaintiff did not file a reply brief to dispute these
representations.

Plaintiff also argues that the ALJ failed to make an acceptable credibility analysis.
According to Plaintiff, the ALJ "simply determines that he does not believe claimant's

subjective complaints but fails to provide any sort of a justification for his findings." [Dkt. 22, p. 9].  According to Social Security Ruling 96-7p, 1996 WL 374186, which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations.  *Id.* at *4.  It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

Although the ALJ listed the factors contained in SSR 96-7p and with respect to each factor recounted Plaintiff's testimony, he did not actually indicate his reasoning for discounting Plaintiff's credibility.  This failing is especially notable with respect to Plaintiff's testimony about the side effects of her medications.  The ALJ noted that Plaintiff takes Lortab, that she testified that it makes her drowsy, and that the dosage has been increased. [Dkt. 10-2, p. 31].  He did not, however, indicate why he disbelieved Plaintiff's complaints of drowsiness.  The decision must be reversed and the case remanded for the Commissioner to supply an analysis of Plaintiff's credibility which is closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings as required by *Kepler,* 68 F.3d at 391.

## Past Relevant Work

In finding that a claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work.  Social Security Ruling (SSR) 82-62, 1982 WL

31386 *4.  Plaintiff argues that the ALJ failed to make findings as to the demands of Plaintiff's past work beyond the conclusory comment that the work does not require performance of activities precluded by her RFC.

Although the ALJ's decision contains the requisite findings, the ALJ's discussion of those findings was not sufficient.  The ALJ found that Plaintiff could do sedentary work, except for work above the shoulder level, the vocational expert testified that Plaintiff's past work as usually performed and as Plaintiff performed it was in the category of sedentary work, and from that the ALJ concluded that Plaintiff could perform that past work.  The problem with these findings is the ALJ provided no elaboration on the exact requirements of Plaintiff's particular job and no elaboration of those requirements is found in the vocational expert's testimony.

In *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996), the Court stated that such an approach may be acceptable at step five where the question is whether there are <u>any</u> jobs in the economy that Plaintiff can perform.  At step four, however, it is necessary to inquire and make findings as to the specific demands of the claimant's particular jobs because the scope of jobs is so limited.  Here there is only one such job and the only thing that the ALJ said of that job is that it is sedentary work.  While it is true that the record contains a fairly thorough description of the requirements of Plaintiff's work as the secretary to a school principal, [Dkt. 10-6, p. 8], the ALJ's decision contains no discussion of or citation to that description.  SSR 82-62, 1982 WL 31386,  states that the rationale for a disability decision that a claimant can return to past relevant work must be written so that a clear picture of the case can be obtained.  The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.  *Id.* at *4.  The ALJ's

6

decision does not contain this discussion.  On remand, the ALJ is required to provide such discussion if the decision is made at step four.

## **CONCLUSION**

For the reasons expressed, the Court holds that the decision must be REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 21st day of December, 2010.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE